FALLER v. BOISOT et al.

BOISOT v. FALLER et al.

(Circuit Court of Appeals, Fifth Circuit. January 24, 1918. Rehearing
Denied March 11, 1918.)

No. 3161.

STREET RAILROADS ⟨KEY⟩55—FRANCHISE—OBLIGATION TO PAVE—ENFORCEMENT
AGAINST MORTGAGEE.

Where a street railway company constructed its lines under a franchise
ordinance, which required it, whenever a street upon which its road was
operated should be paved, to put down similar pavement between and
alongside its tracks, a mortgage subsequently given by the company on its
property and franchise is subject to such obligation, and in a suit for
its foreclosure, in which the court has taken possession of the property
by a receiver, the city may intervene and obtain enforcement of the con-
dition against the receiver. Such case is not one of assessment of bene-
fits, but of enforcement of a contract right.

Appeals from the District Court of the United States for the North-
ern District of Texas; George W. Jack, Judge.

Suit in equity by Emile K. Boisot, trustee, against the Amarillo
Street Railway Company, in which the City of Amarillo intervened.
Complainant and Guy W. Faller, receiver of defendant, separately
appeal from a decree in favor of intervener. Affirmed.

For opinion below, see 244 Fed. 838.

Thomas F. Turner and M. Cammack, both of Amarillo, Tex., for
appellants.

W. H. Kimbrough, R. E. Underwood, and M. J. R. Jackson, all of
Amarillo, Tex., for appellees.

Before WALKER and BATTS, Circuit Judges, and FOSTER,
District Judge.

WALKER, Circuit Judge. Under a bill for the foreclosure of a
deed of trust given by the Amarillo Street Railway Company to se-
cure an issue of bonds a receiver of the property of that company
was appointed. That property included a line of railway on streets
of the city of Amarillo. The right of the street railway company to
construct and operate a railway in the streets of the city was con-
ferred by an ordinance, which was in force prior to and at the time
of the execution of the deed of trust sought to be foreclosed. That
ordinance provided that:

"Wherever such streets and highways may have gravel or macadam, or may
hereafter be graveled or macadamized or paved with any other material, the
surface between the rails of said track and on each side to the extent of 12
inches from the outside of the rails, or, if the ties extend further than 12
inches from the rails, then to end of ties, shall be supplied with gravel or
macadam, or other paving material, of uniform quality and depth with the
rest of the street adjacent to such track," by the grantees of the franchise,
their successors and assigns.

An intervening petition filed by the city of Amarillo, and evidence supporting averments of that petition, showed that performance of the obligation to pave the specified part of a street was, under the provision above quoted, due from the street railway company. By the decree of foreclosure the receiver was ordered to pay out of the proceeds of the sale of the property covered by the deed of trust the amount of the cost to the city of doing the paving which the quoted provision required the railway company to supply.

The deed of trust conveyed the properties and franchises of the street railway company, subject to the obligations imposed as conditions to the continuance of the privilege granted by the city to occupy and make use of parts of its streets. What the trustee acquired was burdened with the obligation to do what the franchise ordinance required. Resort to the court by the city for the enforcement of that obligation was made necessary by the fact that the properties of the railway company were in the custody of the court. The trustee was not entitled to have the properties and franchises covered by the deed of trust sold, and the proceeds applied to the payment of the bonds secured, without provision being made for compliance with the obligation imposed by the franchise ordinance. That was a contract right, which had priority over any right conferred by the deed of trust.

The right of the city to have the reasonable cost of the paving paid was not dependent upon the street railway company being benefited by the paving done, nor upon its solvency, nor upon the possibility of its properties being operated at a profit. Discussions of what may or may not be done in assessing the whole or a part of the cost of street improvements against the property claimed to be benefited thereby are not pertinent to the facts of the instant case. What was enforced was a contract obligation, not a charge undertaken to be involuntarily imposed by proceedings for the assessment against property claimed to be benefited of the cost of the paving in question.

The conclusion is that, for the reasons above indicated, and those stated in the opinion rendered by the District Judge, the court did not err in embodying the above-mentioned order in the decree appealed from.

That decree is affirmed.